### BRADLEY *v.* CARGO OF LUMBER.[1]

*(District Court, E. D. Pennsylvania,  December 10, 1886.)*

1. SHIPS AND SHIPPING—RESPONDENTIA BOND—MASTER'S LIEN—SUBROGATION—RATE OF INTEREST.
    The brig L., while on a voyage from Pensacola to Philadelphia, put into St. George's, Bermuda, in distress. The brig was subsequently condemned and sold, and the cargo was reshipped to Philadelphia. At St. George's the master incurred charges, which, with the freight, were liens on the cargo. To

---

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

meet these charges the master borrowed money, and gave a *respondentia* bond, in which he agreed to hold the cargo until the bond was paid. The bond was for the amount advanced, plus a marine premium of 13½ per cent., the lender taking the risk of the cargo to Philadelphia. In a contest between the holder of the bond, the owners of the cargo, and the owners of the brig, *held,* that, although the validity of the *respondentia* bond was open to doubt, the libelant must be regarded as an equitable transferee of the master's liens on the cargo, and was entitled to the benefit of them as a means of reimbursement; but, in view of all the circumstances of the case, it was deemed just to confine him to the ordinary rate of 6 per cent.

2. SAME—PLACE OF ADJUSTMENT.

In this case it was proper to adjust the losses at Philadelphia.

In Admiralty.

*Morton P. Henry, Henry R. Edmunds,* and *John A. Clark,* for libelant.

*Driver & Coulston,* for respondents.

BUTLER, J., (*orally.*) The libel rests on two different sources of claim: (1) The *respondentia* bond, described; (2) an equitable transfer of the master's liens, for freight and charges incurred on account of cargo. The validity of the bond is open to doubt. While I incline to believe it valid, I am not fully satisfied that it is so. The other source of claim is, I think, free from doubt. The charges incurred were a lien on the cargo; and this lien, as well as that for freight, was vested in the master. The transaction between him and the libelant must be regarded as an equitable transfer of these liens, placing the latter in the master's stead. The master expressly undertook to hold the cargo for the libelant's benefit until his advances were paid. The master cannot *repudiate* this contract, nor can his owners. The libelant is therefore entitled to the benefit of the liens as a means of reimbursement. No valid objection exists to the combination of these liens with the bond, in this suit. The respondent is not deprived of any advantage by doing so. Every source of defense is open to him that might have been made if the claims had been sued for separately. The attachment secured everything the libelant can justly claim; and the libel was properly amended so as to embrace the liens transferred. The ascertainment of the amount chargeable to the cargo by the adjustor, at Philadelphia, must be accepted as correct. Not only is there no evidence to the contrary, but the testimony of Mr. Gourlie, called by the respondent, affirmed its accuracy. It is true, Mr. Gourlie supposed the adjustment should have been made as if the cargo had been delivered to the consignee's or shippers, at Bermuda, and that, in such case, the rules of law applicable would be other than those applying here. On both these points, however, the court disagrees with him. Under the peculiar circumstances of this case the adjustment was properly made here. 2 Phil. Ins. § 1328; 2 Pars. Mar. Ins. 256, 257; *Hobson* v. *Lord,* 92 U. S. 397; *Star of Hope,* 9 Wall. 203; *Barnard* v. *Adams,* 10 How. 270; *McLoon* v. *Cummings,* 73 Pa. St. 98. Whether made here or at Bermuda, however, the rules of law applicable are the same. Lown. Av. 198; 1 Pars. Mar. Law, 327.

The balance of freight, and the charges referred to, are more than sufficient to pay the libelant's advances. Whether his claim be referred to the bond, or to the equitable transfer of the master's liens, involves only the rate of interest he should receive. In view of all the circumstances, it is deemed just to confine the libelant to the ordinary rate of 6 per cent. This will leave a small balance of freight, to which the owners of the vessel, who have intervened in the suit, are entitled.

As the adjustment was necessary, and properly ordered, the fee of the adjustor is rightly charged. A decree will be prepared accordingly, and entered.